**PUBLIC EDUCATION CENTER, INC., Plaintiff,**

v.

**DEPARTMENT OF DEFENSE, Defendant.**

**Civ. A. No. 95–00946 (CRR).**

United States District Court, District of Columbia.

Nov. 20, 1995.

Leonard Egan, Attorney, Fort & Schlefer L.L.P., Washington, D.C., for Plaintiff.

Marina Utgoff Braswell, Assistant United States Attorney, and Eric H. Holder, Jr., United States Attorney, Washington, D.C., for Defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

Before the Court is the defendant's Motion for Summary Judgment, filed August 11, 1995 in the above-entitled case. The plaintiff filed an Opposition thereto on August 24, 1995.

This case arises out of the defendant's decision to withhold certain videotapes and portions of videotapes responsive to the plaintiff's Freedom of Information Act ("FOIA") request seeking copies of videotapes made during the battle involving U.S. armed forces in Mogadishu, Somalia on October 3 and 4, 1993.

The defendant has moved for summary judgment on the ground that the information withheld falls within Exemption 1 to the FOIA, 5 U.S.C. § 552(b)(1). Upon consideration of the filings by the parties, the classified Supplemental Declaration reviewed *in camera* by the Court, the entire record herein, the applicable law thereto, and for the reasons set forth below, the defendant's Motion for Summary Judgment shall be granted.

### BACKGROUND

The plaintiff is a non-profit corporation which operates the National Security News Service, which in turn investigates and reports national security issues. Complaint ¶ 3. On November 4, 1993, the plaintiff filed a FOIA request for "a copy of all videotapes made during the raid by elements from the U.S. Army Ranger battalions and JSOC in Mogadishu, Somalia" on October 3 and 4, 1993. Exh. 1, Passarella Dec. By letter dated December 16, 1993, the U.S. Special Operations Command informed the plaintiff that its FOIA request was denied on the basis that the videotapes were classified pursuant to Executive Order 12,356, section 1.3(a)(1) ("military plans, weapons, or operations") and section 1.3(a)(2) ("vulnerabilities or capabilities of systems, installations, projects, or plans relating to national security"), and therefore, withholding the information was proper under Exemption 1 to the FOIA. Complaint ¶ 6. By letters dated December 20 and 22, 1993, the plaintiff appealed this denial to the Assistant Secretary of Defense for Public Affairs. *Id.* ¶ 7. By letter dated March 3, 1995, the Principal Deputy Assistant to the Secretary of Defense for Public Affairs responded to the plaintiff's appeal. Exh. 2 to Passarella Dec. Portions of two videotapes responsive to the Plaintiff's FOIA request were placed on one videotape and released to the plaintiff. Redacted portions of the resulting videotape and six other responsive videotapes were withheld as properly classified under Exemption 1. Passarella Dec. at ¶ 8.

The plaintiff filed the above-captioned action on May 19, 1995, requesting the Court to order the defendant to produce the withheld records to the plaintiff and to award costs and attorneys' fees. The defendant moved for summary judgment on August 11, 1995, proffering several affidavits and a *Vaughn* index. The *Vaughn* index identifies withheld sections of the tapes by tape-counter number and, in a corresponding column, generally describes the activity occurring during each tape-counter segment withheld. Additional columns, also corresponding to the discrete tape-counter segments, identify the classification level (as defined in Executive Order 12,356, 3 C.F.R. 166 (1983)) and numbers representing one or more of six categories of justifications for not releasing the information. The Government alleged that the six categories were themselves classified, and

identified such categories only by the numbers 1 through 6.

On August 24, 1995, the plaintiff filed its Opposition to the defendant's Motion for Summary Judgment, arguing for a more specific *Vaughn* index and more complete public record as to the rationale for withholding the videotapes.

In its Order of September 6, 1995, the Court ordered the defendant to file a Supplemental Declaration and *Vaughn* index "further describing the rationales for nondisclosure of the materials requested by the Plaintiffs [sic]," or, in the event that such a Supplemental Declaration is itself classified and exempt from public disclosure on national security grounds, the Court ordered the defendant to file a Memorandum in Support of *in camera* review of such Supplemental Declaration. In response, the defendant filed a Motion for Leave to Submit a Classified *In Camera* Declaration (filed Sept. 11, 1995), the plaintiff filed its Response thereto (filed Sept. 20, 1995), and the defendant filed a Reply (filed Sept. 29, 1995).

On October 2, 1995, the Court ordered the defendant to clarify certain matters and afforded the defendant an additional opportunity to state on the public record the underlying reasons for nondisclosure. Specifically, the Court ordered the defendant to set forth in a supplemental declaration and *Vaughn* index "whether a statement of the type of rationale (i.e., taping technology, craft technology, or substance of what was taped) for nondisclosure is itself immune from public disclosure, and if not so immune, what the type of rationale in fact is." Oct. 2, 1995 Order at 5. In response, the defendant submitted the Supplemental Declaration of Jack R. Holbein (filed October 6, 1995), which included an additional *Vaughn* index. The Supplemental Holbein Declaration and index clarified that of the six numbered categories itemizing the rationale for not disclosing the tapes, two of the classified categories identified in the original *Vaughn* index as numbers 4 and 6, are the type of rationale where the "substance of some information depicted on the tapes" is classified. Supp. Holbein Dec. ¶ 3b; *Vaughn* index attached to Supp. Holbein Dec., at 4. Of the remaining four classified categories, the Supplemental Declaration stated that "neither the type of rationale nor the rationale itself may be disclosed because both are classified." Supp. Holbein Dec. ¶ 3a.

Accordingly, on November 6, 1995, the Court ordered the Defendant to "submit for *in camera* review a supplemental declaration from an individual with personal knowledge that sets forth explicitly, and in non-conclusory terms, the exact rationale for nondisclosure of each tape segment withheld and identified in the original *Vaughn* index." Nov. 6, 1995 Order at 5. The defendant's counsel submitted the Second Supplemental Declaration of Jack R. Holbein to the Court on November 17, 1995, and the Court reviewed the declaration at that time.

## DISCUSSION

It is well-established that "[t]he mandate of the FOIA calls for broad disclosure of Government records." *CIA v. Sims*, 471 U.S. 159, 166, 105 S.Ct. 1881, 1886, 85 L.Ed.2d 173 (1985). However, because it is also recognized "that public disclosure is not always in the public interest," Congress provided nine exemptions to the FOIA. *Id.*

The defendant bases its withholding of the records responsive to the plaintiff's FOIA request on Exemption 1 to the FOIA, which protects from disclosure information "specifically authorized" and "properly classified" under "criteria established by Executive order to be kept secret in the interest of national defense or foreign policy." 5 U.S.C. § 552(b)(1) (1995). In this instance, the defendant relies on Executive Order 12,356, 3 C.F.R. 166 (1983). This Executive Order provides that the defendant may classify information if it concerns one of nine types of information, and if the unauthorized disclosure of such information "reasonably could be expected to cause damage to the national security." Executive Order 12,356, § 1.3(b). Specifically, the defendant argues that the withheld videotapes concern the types of information listed in sections 1.3(a)(1) ("military plans, weapons, or operations") ("Section 1") and 1.3(a)(2) ("vulnerabilities of capabilities of systems, installations, projects, or plans relating to national security") ("Section

2") of Executive Order 12,356, and that disclosure "would, at a minimum, cause *serious damage* to the national security." Holbein Dec. ¶6 (emphasis in original). Therefore, the Court must address whether the withheld videotapes meet the requirements of Sections 1 and 2, and whether their disclosure reasonably could be expected to cause damage to the national security.

■ The Court of Appeals for this Circuit provided guidelines for such an inquiry in *Hayden v. NSA,* 608 F.2d 1381 (D.C.Cir. 1979, *cert. denied,* 446 U.S. 937, 100 S.Ct. 2156, 64 L.Ed.2d 790 (1980). The Court stated:

> (1) The trial court must make a *de novo* review of the agency's classification decision, with the burden on the agency to justify nondisclosure. (2) In conducting this review, the court is to give "substantial weight" to affidavits from the agency. (3) The court is to require the agency to create as full a public record as possible, concerning the nature of the documents and the justification for nondisclosure. (4) If step (3) does not create a sufficient basis for making a decision, the court may accept classified affidavits *in camera,* or it may inspect the documents *in camera.* This step is at the court's discretion, [subject to] certain guidelines ... (5) The Court should require release of reasonably segregable parts of documents that do not fall within FOIA exemptions.

*Hayden,* 608 F.2d at 1384 (footnotes omitted). If, after following these guidelines, the district court finds that the agency has met the requirements of the Executive Order, summary judgment as a matter of law is appropriate. *Id.* at 1388.

■ The Court has conducted a *de novo* review of the defendant's classification decision. As reflected by the Court's Orders of September 6, October 2, and November 6, 1995, the Court recognizes that the defendant bears the burden of "creat[ing] as full a public record as possible, concerning the na-

ture of the documents and the justification for nondisclosure." *Hayden,* 608 F.2d at 1384. The Court is fully satisfied that the defendant has done so.

The Court has reviewed *in camera* the detailed Second Supplemental Declaration of Jack R. Holbein, Deputy Chief of Staff, United States Operations Command, dated November 15, 1995, along with 16 pages of classified notes attached to the declaration. The Court examined the declaration to determine, first, whether the rationale provided in the declaration for withholding the tapes was proper; and second, whether the declaration, including the attached notes, was itself classified and whether portions of the declaration could be released to augment the public record.

The Court rules that the rationales for withholding the videotapes, which are described in the classified declaration, are sufficient to properly classify such videotapes pursuant to Exemption 1 of the FOIA. The declaration shows that the withheld tapes meet the requirements of Sections 1 and 2, and that their disclosure reasonably could be expected to cause damage to the national security. According the declaration "substantial weight," and finding no evidence of agency bad faith [1] or contrary evidence on the record, the Court accepts the defendant's justification and will not review the withheld tapes *in camera.* *See Hayden,* 608 F.2d at 1384. Furthermore, the Court rules that the rationales themselves, and therefore the declaration reviewed *in camera* by the Court, were also properly withheld under Exemption 1.

The plaintiff sets forth several specific arguments in its Opposition to Defendant's Motion for Summary Judgment and its Response to Defendant's Supplemental Declaration which are all based on speculation as to the rationale for the defendant's withholding of the documents—the plaintiff arguing that such rationales for withholding, and/or the video matter appearing on the withheld

---

1. In the one instance where the Court was able to test the defendant's "good faith", the defendant passed. The defendant withheld the type of rationale for notes 1, 2, 3, and 5 on the ground that "neither the type of rationale nor the ratio-

nale itself may be disclosed because both are classified." Supp. Holbein Dec. ¶3a. After reviewing the classified Second Supplemental Declaration, the Court agrees that such rationales are properly classified.

tapes, are not secret, but are in fact well-known. The Court will not address these arguments for, in doing so, the Court risks revealing the classified rationales for withholding the tapes. The Court is sympathetic to the plaintiff's inability to effectively argue why the material should not be classified, as the plaintiff is in the dark as to the Government's rationale for nondisclosure. As stated in the Court's November 6, 1995 Order, however, "there are occasions when extensive public justification would threaten to reveal the very information for which a FOIA exemption is claimed." *Lykins v. Dep't of Justice,* 725 F.2d 1455, 1463 (D.C.Cir.1984). In such circumstances, "some sacrifice to the pure adversary process" will necessarily result. *Hayden,* 608 F.2d at 1385. In this case, in light of the national security, the Court is satisfied that such a sacrifice is justified.

## CONCLUSION

For the reasons discussed above, and for the reasons discussed in the Court's Order of November 17, 1995, the defendant is entitled to Summary Judgment as a matter of law. The Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

## ORDER

For the reasons set forth in the Memorandum Opinion accompanying this Order, and in the Court's November 17, 1995 Order, it is, by the Court, this 20 day of November, 1995,

ORDERED that the defendant's Motion for Summary Judgment shall be, and hereby is, GRANTED.